WILLARD LOFLAND, d. b., vs. THE STATE OF DELAWARE, on the complaint of JOHN W. ROGERS, p. b.

1.  DISORDERLY CONDUCT—"PUBLIC PLACE."

In Act Gen. Assem. March 26, 1909 (25 *Del. Laws, c.* 247), prohibiting disorderly conduct in public places, *held*, that the term "public place" was not limited to places where people publicly congregated, but included all places not within a city or town which were not private.

2.  DISORDERLY CONDUCT—PUBLIC PLACES—COMPLAINT.

Act Gen. Assem. March 26, 1909 (25 *Del. Laws, c.* 247), prohibits disorderly conduct in public places, and *section* 1 declares that any person who shall brawl, etc., in the state outside any incorporated city or town shall be guilty of disorderly conduct. *Held*, that a complaint under such act, failing to disclose whether the misconduct charged was committed by defendant in a public place within the state, and outside the limits of any incorporated city or town, failed to show that the justice had jurisdiction and was therefore fatally defective.

(*April* 9, 1912.)

Judges WOOLLEY and RICE sitting.
*Robert C. White* for Willard Lofland.
*Andrew J. Lynch* for the state.
Superior Court, Sussex County, April Term,· 1912.

CERTIORARI.

Willard Lofland was convicted of disorderly conduct, on complaint before a justice of the peace, under *Chapter* 247, *Volume 25, Laws of Delaware*, and he brings *certiorari*. The judgment below was reversed because the record fails to disclose that the misconduct complained of was committed in a "public place within the State of Delaware and outside the limits of any incorporated city or town", thereby failing to show that the Justice had jurisdiction.

WOOLLEY, J., delivering the opinion of the court:

The Act of Assembly of March 26, 1909, (*Laws of Delaware, Vol. 25, Ch.* 247), entitled "An act defining the offense of disorderly conduct in public places and fixing the penalty for the commission thereof, and providing a jurisdiction and procedure for the arrest and trial of persons charged therewith," is in the following language:

"Section 1. Any person who shall brawl, quarrel, use abusive, obscene threatening or profane language in a loud tone of voice or be intoxicated in any public place within the State of Delaware, and outside the limits of any incorporated city or town, shall be deemed guilty of disorderly conduct and the same is hereby made a nuisance, and upon conviction thereof, shall be punished," etc.

"Section 2. Any conductor of any railroad or railway car or any person charged with the duty of keeping order in any park, camp meeting or other public place, or any constable, shall have authority to arrest on view any person guilty of disorderly conduct as above defined, without a warrant, and to take him or her before any justice of the peace of the county wherein the offense is committed. The person making the arrest shall thereupon make a complaint in writing, under oath, before such justice of the peace,

setting forth the character of the disorderly conduct charged, whereupon the Justice of the Peace shall have jurisdiction to hear, try, and finally determine the case."

By the transcript of the justice of the peace it appears that the defendant below was arrested, tried and convicted under the provisions of this statute, and on *certiorari* the judgment below is sought to be reversed upon the exceptions, first, that the complaint made by the person making the arrest failed to disclose the character of the disorderly conduct charged, in that it failed to show that it was committed in a public place, and, second, that a public place, within the meaning of the statute, is a place in which the public congregates and assembles, as a campmeeting, public vendue, country postoffice, church, etc.

The plain object of the statute is to provide means for the prompt abatement of certain nuisances when committed in country districts beyond the reach of officers of the law. Certain acts generally recognized as nuisances when committed within the jurisdictions of municipalities are defined by the statute likewise to be nuisances when committed "in any public place* * * outside the limits of any incorporated city or town."

The power to arrest for such offenses is extended to "any conductor of any railroad or railway car or any person charged with the duty of keeping order in any park, campmeeting or other public place," as well as to constables, and confers upon any such person authority to make an arrest on view and without a warrant, and imposes upon him the duty thereafter to make a complaint in writing, under oath, before a justice of the peace, "setting forth the character of the disorderly conduct charged."

[1] The jurisdiction of the justice to hear and try any one for such an offense is dependent, first, upon a complaint being made by the person making the arrest, and second, upon the complaint showing "the character of the disorderly conduct charged." As the jurisdiction of the justice to try and judge the accused is dependent upon the character of the complaint made by him who made the arrest, and as the right to arrest the accused and thereafter make against him a complaint that will confer jurisdiction upon the justice, is limited to the misconduct of the accused

in a "public place," it becomes essential to the jurisdiction of the justice, that the complaint affirmatively show the nuisance charged to have been committed in a public place, and it becomes important to ascertain what the statute means by a "public place".

As the object of the statute is to give to public places in rural communities protection under the law equal to that given to like places in urban communities by their local laws, it is certain that the expression "public place" is not restricted in Its scope to places of public gatherings, but extends to all places that are public in contradistinction to places that are purely private. The statute seeks to protect the rural public from public brawls, quarrels and the other offenses enumerated, and whenever misconduct of the kind mentioned in the statute occurs in a place described in the statute, the offense contemplated by the statute has then been committed and upon complaint properly made and affirmatively showing both characteristics of the offense, the justice is clothed with jurisdiction.

[2] As the record in the case before the court on *certiorari* fails to disclose whether the misconduct charged was committed by the defendant in a "public place within the State of Delaware and outside the limits of any incorporated city or town," it fails to show that the justice had jurisdiction of the matter in which he rendered judgment.

The judgment below is therefore reversed.